**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:25-cv-02299-RMR-NRN

ROBERT A. KEKIC,
     Plaintiff,
v.
JARED POLIS,
MOSES ANDRE STANCIL,
ALLISON TALLEY,
AMANDA RETTIG,
CHRIS LOBANOV-ROSTOVSKY, and
SHANE STUCKER,
     Defendants.

---

Civil Action No. 1:25-cv-03141-RMR-NRN

JORGE TENA,
     Plaintiff,
v.
JARED POLIS, et al.,
     Defendants.

---

Civil Action No. 1:25-cv-03973-RMR-NRN

JEFFREY DELBRIDGE,
     Plaintiff,
v.
JARED POLIS, et al.,
     Defendants.

---

Civil Action No. 1:26-cv-00015-RMR-NRN

ANGELO RITTER-ZWIEG,
     Plaintiff,
v.
JARED POLIS, et al.,
     Defendants.

Civil Action No. 1:26-cv-00064-RMR-NRN

ANDREW C. SALAZAR,
     Plaintiff,
v.
JARED POLIS, et al.,
     Defendants.

Civil Action No. 1:26-cv-00643-RMR-NRN

GARY RYERSON,
     Plaintiff,
v.
JARED POLIS, et al.,
     Defendants.

Civil Action No. 1:26-cv-00671-RMR-NRN

LEE ALLEN SAMUELSON, a/k/a Leah Samuelson,
     Plaintiff,
v.
JARED POLIS, et al.,
     Defendants.

Civil Action No. 1:26-cv-00775-RMR-NRN

MARIO GUTIERREZ, a/k/a Mario A. Gutierrez,
     Plaintiff,
v.
JARED POLIS, et al.,
     Defendants.

Civil Action No. 1:26-cv-00931-RMR-NRN

WAYNE RICHARD STEWART,
       Plaintiff,
v.
JARED POLIS, et al.,
       Defendants.

Civil Action No. 1:26-cv-00939-RMR-NRN

KEVIN R. PETERSON,
       Plaintiff,
v.
MOSES ANDRE STANCIL, et al.,
       Defendants.

**ORDER**

## I.    BACKGROUND

These cases involve Plaintiffs who have been charged and convicted under Colorado's Sex Offender Lifetime Supervision Act ("SOLSA"). Under SOLSA, Plaintiffs are required to receive the Sex Offender Treatment and Monitoring Program's ("SOTMP") sex offender treatment. Plaintiffs each allege that Colorado Department of Corrections ("CDOC") has failed to provide this treatment and, thus, they are ineligible for parole. Each Plaintiff brings nearly identical claims under 42 U.S.C. § 1983 against Defendants.

On June 10, 2026, Chief Judge Daniel D. Domenico reassigned each of these cases to this Court. *See* Case No. 1:25-cv-9373, ECF No. 52. For the reasons stated below, the Court *sua sponte* ORDERS consolidation of discovery in these cases.

## II.    LEGAL STANDARD

The determination of whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, in pertinent part:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all the matters in issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). This rule allows the Court "to decide how cases on its docket are to be tried so that the business of the [C]ourt may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 Charles Alan Wright, et al., Fed. Prac. & Proc. § 2381 at 427 (2d ed. 1995)). The decision whether to consolidate such actions is left to the trial court's sound discretion. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Checkers Indus. Prods., LLC v. Indus. Advanced Techs., Inc.*, No. 18-CV-03238-JLK, 2023 WL 2681913, at *2 (D. Colo. Feb. 17, 2023) (citations omitted). "Consolidated cases shall be reassigned to the judicial officer(s) to whom the lowest numbered consolidated case was assigned." D.C.COLO.LCivR 42.1.

## III.    ANALYSIS

The Court finds that the consolidation of the cases is appropriate for discovery purposes. Each case asserts the same issues and involves the same factual circumstances. Each Plaintiff has filed nearly identical complaints, seeks similar relief, and brings similar claims against the same Defendants. Thus, the cases will have

overlapping witnesses and discovery. Rule 42(a) permits the Court to "issue any other orders to avoid unnecessary costs or delay." Consolidation is within the Court's discretion, and the Court finds that consolidation of the above-captioned cases streamlines discovery and promotes just, speedy resolution. The Court does not presently determine whether the cases should be consolidated beyond discovery.

The Court notes that several motions to dismiss have been filed in these cases. Defendants Moses Stancil, Allison, Talley, Amanda Rettig, Chris Lovanov-Rostovsky, and Shane Stucker have filed motions to dismiss in some cases and not others (for example, Case Nos. 1:26-cv-00643 and 1:26-cv-00939). Any Defendant who has not already filed a motion to dismiss in any of the above-captioned cases may do so by **July 16, 2026**. Plaintiffs must respond by **August 6, 2026** and Defendants may reply by **August 17, 2026**. Following the briefing of the motions to dismiss, the Court will hold a Status Conference on **October 16, 2026 at 1:00 p.m.** to discuss the status of the consolidated discovery and next steps.

Additionally, the Court ORDERS Plaintiffs who intend to move for appointment of counsel pursuant to D.C.COLO.LAttyR 15(e)(1) must do so by **September 1, 2026**. The Court has granted Plaintiff Jorge Tena's Prisoner Motion for Appointment of Counsel. Case No. 1:25-cv-03141, ECF No. 49.

## IV.    CONCLUSION

For the reasons stated above, it is **ORDERED** that discovery in each of the above-captioned cases is consolidated and all future discovery-related matters shall be filed in Case No. 1:25-cv-02299. Defendants may file motions to dismiss in individual cases by

5

**July 16, 2026**, with Plaintiff's responses due **August 6, 2026**, and Defendants' reply due **August 17, 2026.**

It is **FURTHER ORDERED** that Plaintiffs who intend to move for appointment of counsel pursuant to D.C.COLO.LAttyR 15(e)(1) must do so by **September 1, 2026**.

Finally, it is **FURTHER ORDERED** that all parties must appear for the Status Conference on **October 16, 2026 at 1:00 p.m.**

DATED:  July 2, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge